UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-cr-95 (ECT/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANTANIE SYRE ALONZO JOHNSON,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and **ANTANIE SYRE ALONZO JOHNSON** agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal, state, or local agency.

1.     **Charges**. In exchange for the concessions of the United States contained in this plea agreement, the defendant voluntarily agrees to plead guilty to Count One of the Indictment, which charges the defendant with Unlawful Possession of Machineguns, in violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2). The defendant fully understands the nature and elements of the crime charged and is pleading guilty because he is guilty as charged.

2.     **Factual Basis**. The defendant is pleading guilty because he is, in fact, guilty of Count One of the Indictment. By pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On February 8, 2023, law enforcement officers observed a Silver Mazda CX9

1

commit numerous traffic violations in Minneapolis, Minnesota. A marked squad car activated its lights to attempt a traffic stop. The vehicle fled at a high rate of speed but stopped momentarily for three occupants to flee the vehicle on foot. The defendant was one of these three individuals. The vehicle then continued to flee law enforcement. Numerous law enforcement officers responded to locate the vehicle and three individuals on foot.

Law enforcement located the defendant as he continued to flee on foot into the parking lot of Green Gables. The defendant lost his footing and, at that point, immediately surrendered. As law enforcement officers approached, the defendant clearly stated he had guns on him. Law enforcement officers subsequently recovered two firearms from the defendant—a stolen 9-millimeter Glock and a 9-millimeter "ghost gun." Both guns were equipped with attached conversion devices, commonly known as "switches" or "auto sears" that enabled the firearms to be fired as fully automatic weapons by a single function of the trigger. Both also were equipped with extended magazines. One of the firearms previously had been reported as stolen.

The defendant agreed to speak with law enforcement following his arrest. In a post-*Miranda* statement, the defendant indicated he knew both weapons had an auto-sear attached to them. He also reported that he knew the purpose of an auto-sear was to enable each firearm to be fired as a fully automatic weapon by a single trigger pull.

Accordingly, the defendant admits that, on February 8, 2023, he knowingly possessed the two firearms described in Count One of the Indictment and that each firearm qualified as a machine gun under federal law. He further stipulates and agrees

2

that he acted voluntarily and knew that his actions violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement and based on the concessions of the government within this plea agreement, the defendant knowingly, willingly, and voluntarily waives his right to file and litigate pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to a jury trial or—in certain circumstances—to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. Because of this conviction, the defendant understands that he could experience additional consequences, such as losing the right to carry firearms, vote, serve on a jury, and hold public office.

6. **Statutory Penalties**. The defendant understands that Count One of the Indictment (Unlawful Possession of Machineguns, in violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2)) carries the following maximum statutory penalties:

      a.      a maximum imprisonment term of 10 years;

      b.      a maximum supervised release term of 3 years;

      c.      a maximum fine of $250,000;

      d.      an assessment to the defendant for the costs of prosecution, as authorized by 28 U.S.C. §§ 1918(b) and 1920; and

      e.      a mandatory special assessment of $100.

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* The parties also acknowledge that the Court will independently consider the United States Sentencing Guidelines in determining the appropriate sentence. Nothing in this plea agreement should be construed to limit the parties from presenting any relevant evidence to the Court at sentencing. The parties stipulate to the following guidelines calculations:

    a.    Base Offense Level. The parties agree that the base offense level is **18** because the offense involved a firearm described in Title 26, United States Code, Section 5845(a). U.S.S.G. § 2K2.1(a)(5).

    b.    Specific Offense Characteristics. The parties agree that the base offense level should be increased **2 levels** because one of the firearms possessed by the defendant was stolen. U.S.S.G. § 2K2.1(b)(4)(A).

    c.    Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

    d.    Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. In exercising its discretion, the defendant understands that the Court likely will consider the following occurrences: (1) the defendant's truthful testimony during the change of plea and sentencing hearings; (2) the defendant providing full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engaging in no

conduct inconsistent with acceptance of responsibility before the time of sentencing.

The government also agrees to move for an additional **1-level reduction** because the defendant timely notified the government of his intention to plead guilty. U.S.S.G. § 3E1.1(b).

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History **Category I**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.

f. <u>Guidelines Range</u>. If the adjusted offense level is **17** (18+2-3), and the criminal history category is **I**, the resulting Guidelines range is **24-30 months of imprisonment**.

g. <u>Fine Range</u>. If the adjusted offense level is **17**, the Guidelines fine range is $10,000 to $95,000. U.S.S.G. § 5E1.2(c)(3).

h. <u>Supervised Release</u>. The Sentencing Guidelines recommend a supervised release term between one and three years. U.S.S.G. § 5D1.2(a)(2).

8. **Agreements as to Sentencing Recommendation.** The government agrees to advocate for a sentence at the bottom of the applicable Guidelines range. The defendant reserves the right to advocate for a sentencing outside the applicable Guidelines range.

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory, and their application is a matter that falls solely within the

5

Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart or vary from the applicable Guidelines range. If the Court determines that the applicable Guidelines calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Revocation of Supervised Release**. The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

11. **Special Assessment**. The Guidelines require payment of a special assessment of $100 for each felony conviction, which becomes due and payable upon sentencing. U.S.S.G. § 5E1.3.

12. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm with accessories and any ammunition involved in the defendant's violation of Title 18, United States Code, Section 922, including specifically, but not limited to, the 9-millimeter, Glock model firearm, bearing serial number HGN625 and the 9-millimeter, unserialized, Polymer 80, Inc., frame firearm—both of

which were equipped with attached conversion devices—along with any corresponding ammunition.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

13. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment above 24-months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255, except if such a petition is based upon a claim of ineffective assistance of counsel or a retroactive change in the law that makes the defendant's conviction or sentence illegal.

The defendant has discussed these rights with the defendant's attorney, understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal the imposed sentence.

14. **FOIA Requests.** The defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement**. The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 4/25/2023

ANDREW M. LUGER
United States Attorney

BY:   JORDAN L. SING
Assistant United States Attorney

Date: 4-25-23

ANTANIE SYRE ALONZO JOHNSON
Defendant

Date: 4-25-23

AARON J. MORRISON
Counsel for Mr. Johnson